COURT OF APPEALS
DECISION
DATED AND FILED

July 7, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.  2023AP2179**

Cir. Ct. No. 2009CF2077

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT I**

STATE OF WISCONSIN,

      PLAINTIFF-RESPONDENT,

  V.

OMAR J. SMITH,

      DEFENDANT-APPELLANT.

---

APPEAL from an order of the circuit court for Milwaukee County: MARK A. SANDERS, Judge. *Affirmed*.

Before Donald, C.J., Colón, P.J., and Geenen, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM.   Omar J. Smith, pro se, appeals an order that denied his motion seeking postconviction relief under WIS. STAT. § 974.06 (2023-24).[1] Smith claims that he has newly discovered evidence that a Milwaukee detective who testified at the pretrial suppression hearing in Smith's case engaged in misconduct and gave false testimony in an earlier, unrelated criminal case.  Smith also claims that the trial judge was biased against him; his custodial statement was involuntary and therefore should have been suppressed; and his postconviction counsel was ineffective for failing to raise those claims in support of Smith's direct challenge to his convictions.  Finally, Smith claims that the circuit court erred by denying his § 974.06 motion without a hearing.[2]  We reject his contentions and affirm.

## BACKGROUND

¶2      Police arrested Smith following a 2009 incident in which several men shot at a group of friends gathered outside a Milwaukee home.  Two detectives, Paul Lough and Keith Kopcha, questioned Smith about the shooting after reading him the *Miranda* warnings.[3]  Smith initially said that he wanted an attorney, and the detectives therefore terminated the interview, but Smith then said that he wanted to talk.   After again receiving *Miranda* warnings, Smith made incriminating statements.  Smith later moved to suppress those statements on the grounds that he

---

[1]  All references to the Wisconsin Statutes are to the 2023-24 version.

[2]  Several judges presided over the various proceedings conducted in this case before Smith pursued his first appeal to this court in *State v. Smith* (*Smith I*), No. 2012AP863-CR, unpublished slip op. (WI App Sept. 10, 2013).  Where warranted for clarity, we refer to the judge who presided at Smith's trial as the trial judge, and otherwise we refer to any judge who presided in this matter before Smith's first appeal as the trial court.  The Honorable Mark A. Sanders presided over the postconviction motion underlying this appeal.  We refer to Judge Sanders as the circuit court.

[3]  Before questioning a suspect in custody, the police must inform the person of, *inter alia*, the rights to remain silent, to have an attorney present during questioning, and to have an attorney appointed if the person cannot afford one.  *Miranda v. Arizona*, 384 U.S. 436, 478-79 (1966).

had invoked his right to counsel and had not voluntarily reinitiated contact with police after invoking that right. The trial court denied the suppression motion following an evidentiary hearing at which Detective Lough was the sole witness.

¶3    Smith proceeded to trial on five felony charges: first-degree reckless homicide and two counts of first-degree recklessly endangering safety, all by use of a dangerous weapon and as a party to a crime; possession of a firearm while a felon; and bail jumping. The jury found Smith guilty as charged.

¶4    Smith, by postconviction counsel, filed a motion for postconviction relief raising two claims. First, he alleged that his trial counsel was ineffective for failing to object on confrontation clause grounds to the testimony of a co-actor, Alfonzo Treadwell, until after Treadwell had been on the witness stand for a significant period of time. Second, Smith alleged that his aggregate 62 years of initial confinement and 38 years of extended supervision constituted an unduly harsh sentence. The trial court denied both claims. It concluded that Smith was not prejudiced by any delay in objecting to Treadwell's testimony because the trial court struck the bulk of that testimony, allowing the jury to consider only the portions that Smith asked to retain. The trial court also concluded that Smith's aggregate sentence constituted a proper exercise of sentencing discretion.

¶5    Smith pursued an appeal to this court. He first argued that the trial court improperly denied his pretrial suppression motion because he had "unambiguously invoked his right" to a lawyer. We rejected his challenge to the adverse pretrial order, emphasizing that the recording of the custodial interview included Smith's statement that "I kinda wanna lawyer present, but I don't want it to look like if I wait for my lawyer;" and his later clarifying statements: "fire away with your questions.... Go right ahead." *State v. Smith* (*Smith I*), No. 2012AP863-

3

CR, unpublished slip op., ¶18 (WI App Sept. 10, 2013). We also rejected Smith's challenges to the adverse postconviction order, concluding that the trial court properly resolved his postconviction motion. *Id.*, ¶¶22, 28.

¶6 Smith, proceeding pro se, then filed the WIS. STAT. § 974.06 motion underlying this appeal.[4] He alleged that he had newly discovered evidence that, in an unrelated case, Detective Lough had engaged in misconduct while investigating a suspect and lied on the witness stand at that suspect's trial. Smith additionally claimed that the trial judge was biased against him; he did not voluntarily reinitiate questioning after police terminated his custodial interview; and his postconviction counsel was ineffective for failing to raise the latter two claims. The circuit court called for briefing and, following substantial submissions from Smith and the State, denied Smith's claims without a hearing. Smith appeals.

## DISCUSSION

¶7 After the time for a direct appeal has passed, WIS. STAT. § 974.06 permits an imprisoned defendant to raise collateral challenges to his or her criminal convictions based on alleged jurisdictional or constitutional errors. *State v. Henley*, 2010 WI 97, ¶¶50, 52, 328 Wis. 2d 544, 787 N.W.2d 350. The statute includes a limitation, however, because "[w]e need finality in our litigation." *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 185, 517 N.W.2d 157 (1994). Thus, § 974.06(4) provides that a defendant may not raise claims in a second or subsequent postconviction motion absent a sufficient reason for failing to raise those claims earlier. *Escalona-Naranjo*, 185 Wis. 2d at 184-85.

---

[4] The record indicates that Smith unsuccessfully petitioned for a writ of habeas corpus from the federal courts before filing the postconviction motion underlying this appeal.

4

¶8 Further, a defendant pursuing a postconviction motion must set forth sufficient allegations of material fact that, if true, would entitle the defendant to relief. *State v. Allen*, 2004 WI 106, ¶9, 274 Wis. 2d 568, 682 N.W.2d 433. If the defendant does so, the circuit court must hold a hearing on the postconviction motion. *Id.* Whether a postconviction motion contains sufficient allegations to warrant a hearing presents a question of law for our independent review. *Id.* If the postconviction motion does not include the requisite allegations of material fact, if the defendant's allegations are merely conclusory, or if the record conclusively shows that the defendant is not entitled to relief, the circuit court in its discretion may deny a postconviction motion without a hearing. *Id.*

¶9 In this case, Smith's postconviction motion included a claim of newly discovered evidence. The discovery of new evidence may constitute a sufficient reason for a second or subsequent postconviction motion. *State v. Love*, 2005 WI 116, ¶43 & n.18, 284 Wis. 2d 111, 700 N.W.2d 62. To obtain a hearing on a claim of newly discovered evidence:

> a defendant must show specific facts that are sufficient by clear and convincing proof, when considered in the context of the record as a whole, that: (1) the evidence was discovered after conviction; (2) the defendant was not negligent in seeking the evidence; (3) the evidence is material to an issue in the case; and (4) the evidence is not merely cumulative.

*State v. McAlister*, 2018 WI 34, ¶31, 380 Wis. 2d 684, 911 N.W.2d 77. If the defendant satisfies those four requirements, "then 'the circuit court must determine whether a reasonable probability exists that a different result would be reached in a trial.'" *Id.*, ¶32 (citations omitted).

¶10 Smith claimed here that he had newly discovered evidence that would change the outcome of the motion to suppress his custodial statement and thus

5

warrant a new trial. His claim faltered, however, on the first prong of the analysis. He failed to show that he had new evidence.

¶11 Smith's newly discovered evidence claim involved an allegation that Detective Lough engaged in misconduct while investigating the actions of Raynard R. Jackson, who in 2003 faced charges unrelated to Smith or to Smith's 2009 case. The record developed in regard to Smith's allegation included materials from the postconviction proceedings in Jackson's case.[5] Those materials revealed that, while Jackson raised claims of misconduct by multiple Milwaukee police officers, including Detective Lough, the circuit court judge who heard those claims did not find that Detective Lough had engaged in any misconduct. Rather, the judge who presided in Jackson's postconviction proceedings concluded that Jackson's defense counsel was ineffective for failing to seek postconviction relief on the ground that Officer Ala Awadallah—not Detective Lough—had committed misconduct in other cases and had been criminally charged for that misconduct after Jackson's trial.[6]

¶12 Relatedly, Smith alleged that he had newly discovered evidence that Detective Lough had lied on the witness stand during Jackson's trial, but Smith's proof again failed. Smith showed that at Jackson's trial, Detective Lough testified on direct examination that he had inventoried a piece of evidence, then acknowledged on cross-examination that in fact Officer Awadallah had inventoried it. Smith's submissions also showed, however, that while Jackson pointed to Detective Lough's testimony as a component of the pervasive police misconduct

---

[5] The postconviction proceedings in Jackson's case that we discuss here followed release of an unpublished per curiam opinion from this court concluding that Jackson's allegations of ineffective assistance of counsel warranted an evidentiary hearing.

[6] The record shows that Officer Awadallah was not involved in Smith's case and that his employment with the Milwaukee Police Department ended several years before the 2009 shooting incident underlying Smith's convictions.

that Jackson alleged, the circuit court judge hearing Jackson's claims expressly did not accept the allegation of pervasive misconduct and did not find that Detective Lough had lied.

¶13 Smith thus showed only that Detective Lough gave inconsistent testimony in another defendant's case. As the postconviction court in Smith's case explained, a mere inconsistency does not establish intentional deception. Indeed, while cross-examination provides an opportunity for "testing the recollection" of witnesses, *California v. Green*, 399 U.S. 149, 157-58 (1970) (citation omitted), faulty memory alone is a benign occurrence. "[M]emories fade." *State v. Comstock*, 168 Wis. 2d 915, 933, 485 N.W.2d 354 (1992).

¶14 Evidence of a faulty memory during Jackson's trial at most might affect Detective Lough's credibility in Smith's case, but a successful motion for a new trial cannot be based on new evidence that would merely serve to impeach a witness whose credibility was tested at the original proceeding. *McAlister*, 380 Wis. 2d 684, ¶39; *see also* *Greer v. State*, 40 Wis. 2d 72, 78, 161 N.W.2d 255 (1968). In this case, Smith cross-examined Detective Lough at length during the suppression hearing, thoroughly testing his credibility at that proceeding.[7] Impeachment evidence therefore does not constitute newly discovered evidence that might warrant a new trial.

¶15 In sum, Smith failed to offer newly discovered evidence about Detective Lough's conduct or testimony in another person's case. The circuit court therefore properly denied Smith's newly discovered evidence claim.

---

[7] Detective Lough did not testify at Smith's trial.

7

¶16    Smith also claimed that the trial judge was biased against him. Because he did not raise this claim in the proceedings underlying *Smith I*, he was required to present a sufficient reason to allow pursuit of the claim in his WIS. STAT. § 974.06 motion. *See Escalona-Naranjo*, 185 Wis. 2d at 185. To satisfy the requirement, Smith asserted that his postconviction counsel was ineffective for failing to raise the issue.

¶17    Postconviction counsel's ineffectiveness in failing to raise an issue may in some circumstances constitute a sufficient reason for an additional postconviction motion under WIS. STAT. § 974.06. *State v. Romero-Georgana*, 2014 WI 83, ¶36, 360 Wis. 2d 522, 849 N.W.2d 668. However, a defendant who seeks to rely on postconviction counsel's ineffectiveness as the reason to permit an additional postconviction motion must "make the case of" postconviction counsel's alleged ineffective assistance. *State v. Balliette*, 2011 WI 79, ¶¶62, 67, 336 Wis. 2d 358, 805 N.W.2d 334. Smith fails to do so.

¶18    To make the case that postconviction counsel was ineffective, a convicted person must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Balliette*, 336 Wis. 2d 358, ¶28. The test requires the convicted person to prove both a deficiency in counsel's performance and prejudice as a result. *Strickland*, 466 U.S. at 687. To prove deficiency, the person must show that counsel's actions or omissions "fell below an objective standard of reasonableness." *Id.* at 688. To prove prejudice, the person "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Whether counsel's performance was deficient and whether the deficiency was prejudicial are questions of law that we review de novo. *State v. Reinwand*, 2019 WI 25, ¶18, 385 Wis. 2d 700, 924 N.W.2d 184. We may consider either prong first, and if the

8

convicted person fails to make an adequate showing as to that prong, we need not address the other. *Strickland*, 466 U.S. at 697.

¶19     Our review of the deficiency prong resolves Smith's judicial bias claim. When, as here, a convicted person alleges that postconviction counsel was ineffective for failing to raise a claim, proof of the deficiency prong requires the person to allege and show that the neglected issue was "clearly stronger" than the issues that postconviction counsel pursued. *See Romero-Georgana*, 360 Wis. 2d 522, ¶¶4, 46. Demonstrating that a neglected claim was clearly stronger than the claims actually pursued requires a comparison of "the issue not raised in relation to the issues that were raised[.]" *Lee v. Davis*, 328 F.3d 896, 900 (7th Cir. 2003). The burden is on the convicted person to satisfy the clearly stronger standard by presenting sufficient allegations of material fact that answer the questions of "'who, what, where, when, why, and how[.]'" *Romero-Georgana*, 360 Wis. 2d 522, ¶58 (citation omitted).

¶20     Smith's opening brief in this court failed to address the clearly stronger standard in the substantive way contemplated by *Romero-Georgana*. Instead, Smith asserted that the issues he raised in his WIS. STAT. § 974.06 motion "had a substantial chance of resulting in reversal," and thus were clearly stronger than the issues that his postconviction counsel raised earlier. A conclusory statement of this type is inadequate: it fails to address the specifics of the claims that counsel brought or to present allegations that sufficiently demonstrate the greater comparative strength of the claim that the convicted person seeks to pursue on his or her own behalf. *See Romero-Georgana*, 360 Wis. 2d 522, ¶58.

¶21     Smith attempted in his reply brief to supply the arguments he omitted from his opening brief, offering some specific analysis of how and why, in his view,

9

the judicial bias claim was clearly stronger than one of the issues raised by postconviction counsel, namely, the allegation that trial counsel was ineffective in raising a confrontation clause claim. This analysis comes too late. We normally do not consider arguments presented to us for the first time in a reply brief. *A.O. Smith Corp. v. Allstate Ins. Cos.*, 222 Wis. 2d 475, 492, 588 N.W.2d 285 (Ct. App. 1998). Moreover, even in his reply brief Smith did not address his sentence modification claim, let alone offer an analysis of why that claim was clearly not as strong as his judicial bias claim. Accordingly, Smith failed to brief an essential component of the issue on appeal. Because Smith did not establish a sufficient reason to permit litigation of the judicial bias claim, we conclude that the claim is barred.[8]

¶22 Smith next contends that the trial court should have suppressed his custodial statement. Smith previously raised this claim, and we rejected it. *Smith I*, No. 2012AP863-CR, ¶1. Smith may not pursue the claim again. "A matter once litigated may not be relitigated in a subsequent postconviction proceeding no matter how artfully the defendant may rephrase the issue." *State v. Witkowski*, 163 Wis. 2d 985, 990, 473 N.W.2d 512 (Ct. App. 1991).

¶23 Smith asserts that *Witkowski* is inapplicable here because in *Smith I*, he challenged the adverse suppression order on a theory that police failed to honor his request for counsel, while in his WIS. STAT. § 974.06 motion, he challenged the

---

[8] For the sake of completeness, we observe that were we to overlook Smith's failure to address an essential component of his judicial bias claim in his appellate brief-in-chief, we would nonetheless conclude that the claim is barred. According to Smith, the trial judge exhibited bias by: suggesting a way to proceed when Treadwell stopped responding to questions while on the witness stand; denying Smith's motion for a mistrial in response to Treadwell's tactics; and ruling differently in response to different issues that arose during the testimony of different witnesses. Judicial rulings virtually never support a claim of bias, and a judge's efforts at courtroom management are similarly immune from such a claim. *Liteky v. United States*, 510 U.S. 540, 555-56 (1994). Accordingly, Smith's judicial bias claim lacked merit, and thus was not clearly stronger than any claim that his postconviction counsel pursued on his behalf. The claim is therefore barred. *See State v. Romero-Georgana*, 2014 WI 83, ¶¶4-5, 360 Wis. 2d 522, 849 N.W.2d 668.

suppression order on a theory that he did not voluntarily reinitiate custodial questioning. Smith's change of focus does not permit him to relitigate the question of whether his custodial statement should have been suppressed. He has merely reformulated, or "retheorized," his suppression claim. *See Witkowski*, 163 Wis. 2d at 990. Defendants may not evade the bar to relitigating claims by applying "new 'theories' to matters previously litigated." *Id.*

¶24 Smith further suggests that *Witkowski* does not bar his suppression claim because he has a sufficient reason to relitigate that claim, namely, the ineffectiveness of his postconviction counsel, who, he asserts, abandoned the theory that his custodial statement was involuntary. Smith fails to cite any authority permitting relitigation of a postconviction claim in a motion under WIS. STAT. § 974.06, on the ground that counsel was ineffective in litigating the issue the first time. *Cf. Romero-Georgana*, 360 Wis. 2d 522, ¶36 (recognizing that ineffective assistance of counsel may be a sufficient reason for failing to litigate a claim earlier, not for relitigating a resolved issue); *see also Henley*, 328 Wis. 2d 544, ¶52 ("The motion [under § 974.06] must not be used to raise issues disposed of by a previous appeal." (citation modified)). Nonetheless, assuming solely for the sake of argument that Smith could evade the *Witkowski* bar on this basis, we have considered whether he has demonstrated postconviction counsel's ineffectiveness. Once again, Smith failed to satisfy the deficiency prong of the analysis.

¶25 No dispute exists that Smith challenged the admissibility of his custodial statement in a pretrial motion where he asserted various grounds for relief, including the alleged involuntary nature of the statement. He does not offer us any reason, and we know of none, that his postconviction counsel had any obligation to challenge admissibility again in a postconviction motion. To the contrary, a defendant "is not required to file a postconviction motion in the trial court prior to

11

an appeal if the grounds are sufficiency of the evidence or issues previously raised." WIS. STAT. § 974.02(2); *see also* WIS. STAT. § 971.31(10) (providing that "a motion challenging the admissibility of a statement of a defendant may be reviewed upon appeal from a final judgment"). Accordingly, Smith's postconviction counsel did not perform deficiently by forgoing the unnecessary step of trying to relitigate the suppression issue in a postconviction motion prior to appeal.[9] *See **State v. Tkacz***, 2002 WI App 281, ¶25 & n.5, 258 Wis. 2d 611, 654 N.W.2d 37 (explaining that an attorney is not ineffective for omitting cumulative and unnecessary measures).

¶26 Finally, Smith insists that the circuit court should have held a hearing on his postconviction motion. We disagree. As our discussion reflects, his current claims are meritless, barred, or both. The circuit court therefore properly denied them without a hearing. *See **Allen***, 274 Wis. 2d 568, ¶9. For all the foregoing reasons, we affirm.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[9] To the extent that Smith implies that his appellate counsel was ineffective for failing to allege on appeal that his custodial statement was involuntary, that issue could not be raised in a motion under WIS. STAT. § 974.06. *See **State v. Balliette***, 2011 WI 79, ¶32, 336 Wis. 2d 358, 805 N.W.2d 334.